## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN DOE 1, a minor, by and through his parent and next friend, JANE DOE 1;   )

JOHN DOE 2, a minor, by and through his parent and next friend, JANE DOE 2;   )

JOHN DOE 3, a minor, by and through his parent and next friend, JANE DOE 3;   )   Case No. CIV-25-403-JAR

JOHN DOE 4, a minor, by and through his parent and next friend, JANE DOE 4;   )

JOHN DOE 5, a minor, by and through his parent and next friend, JANE DOE 5;   )

          Plaintiffs,   )

vs.   )

INDEPENDENT SCHOOL DISTRICT NO. 39 of CHOCTAW COUNTY, OKLAHOMA; a/k/a HUGO PUBLIC SCHOOLS or HUGO PUBLIC SCHOOL DISTRICT; and   )

YOLANDA DUNBAR;   )

          Defendants.   )

## JOINT APPLICATION TO SETTLE CLAIMS
## OF MINORS AND APPROVE SETTLEMENT

The Plaintiffs, John Does 1-5, minor children, proceeding by and through their respective parents and next friends, and the Defendant, Independent School District No. 39 of Choctaw County, Oklahoma, commonly known as Hugo Public Schools (the "School District"), file this Joint Application to Settle Claims of Minors and Approve Settlement (the "Application") and respectfully request that the Court approve the settlement agreement previously entered into by the parties. In support of this Application, the parties show the Court as follows:

1. Plaintiffs are residents of Oklahoma.

2.    The School District is an independent school district located in Choctaw County, Oklahoma.

3.    This Court has jurisdiction to enter this judgment, and venue is proper in the Eastern District of Oklahoma.

4.    On November 6, 2025, this action was filed, wherein the Plaintiffs alleged that during the 2024-2025 school year, the minor Plaintiffs sustained injuries as a result of the actions of the School District and Co-Defendant Yolanda Dunbar. Complaint [Doc. 2], ¶¶29-30, 34.

5.    The School District denies the Plaintiffs' claims and has affirmative defenses.

6.    School District also contends that payment of a prior fiscal year's obligations by a school district from current fiscal year funds is prohibited by Oklahoma law. School districts operate on a fiscal year that runs from July 1 to June 30. The Oklahoma Constitution requires school districts to operate on a "pay as you go" basis, and expressly prohibits school districts from using funds from one fiscal year to pay obligations incurred in a different fiscal year. OKLA. CONST. Art. 10, § 26; *see also Southern Corrections Sys., Inc. v. Union City Pub. Schs.,* 64 P.3d 1083, 1090-91 (Okla. 2002) (recognizing that Article 10, § 26 of the Oklahoma Constitution "forces school districts to operate on a cash basis, and it prevents indebtedness payable out of tax revenues from extending beyond one year.").

7.    Without admitting liability for any reason and solely to conclude the dispute between the parties and minimize the risks and costs of litigation, the parties have agreed to settle all claims, known or unknown, that the Plaintiffs now have or may have against the School District for the sum of **TWO MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($2,500,000.00)**. A copy of the Release and Settlement Agreement between each Plaintiff and School District, redacting the full names of each minor Plaintiff, is attached hereto as **Exhibit "1"** and incorporated herein as if set out in full. Such sum shall be paid as follows:

a.    The School District or another entity on its behalf shall make a cash payment to "Athene Qualified Assignment Corporation" in the amount of $250,000.00, to fund future periodic payments on behalf of John Doe 5, to be deposited with Athene Qualified Assignment Corporation, 7700 Mills Civic Pkwy, West Des Moines, IA, 50266, TAX ID 39-2408936, and funded by an annuity contract issued by Athene Annuity and Life Company, pursuant to the Qualified Assignment and Release Agreement attached as **Exhibit "2"** hereto, with Periodic payments made to Payee John Doe 5 according to this Schedule of Payments (the "Periodic Payments"):

(i) $1,500.00 payable monthly, guaranteed for 4 year(s) (48 payments) beginning on 07/01/2029, with the last guaranteed payment on 06/01/2033;

(ii) $25,000.00 guaranteed lump sum paid on 10/17/2028;

(iii) $25,000.00 guaranteed lump sum paid on 10/17/2031;

(iv) $30,000.00 guaranteed lump sum paid on 10/17/2033; and

(v) $204,107.23 guaranteed lump sum paid on 10/17/2035.

b.    The balance of the net settlement for John Doe 5 (after funding the periodic payments at a cost of $250,000) will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement for John Doe 5. The trust distributions will be at the discretion of Legacy Enhancement as Trustee for the sole benefit of John Doe 5 and until John Doe 5 reaches the age of twenty-five.

c.    The School District or another entity on its behalf shall make a cash payment to "Athene Qualified Assignment Corporation" in the amounts of $200,000.00 to fund future periodic payments on behalf of John Doe 2, to be deposited with Athene Qualified Assignment Corporation, 7700 Mills Civic Pkwy, West Des Moines, IA, 50266,

TAX ID 39-2408936, and funded by an annuity contract issued by Athene Annuity and Life Company, pursuant to the Qualified Assignment and Release Agreement attached as **Exhibit "3"** hereto, to be paid out as follows: Payments to Payee, Legacy Enhancement Master Pooled Trust FBO John Doe 2 PSNT, of $2,228.69 payable monthly, guaranteed for 9 year(s) which is 108 payments, beginning on 08/01/2026, with the last guaranteed payment on 07/01/2035. Any periodic payments to be made after the death of John Doe 2 shall be made to Legacy Enhancement Master Pooled Trust FBO John Doe 2 PSNT.

d.      The balance of the net settlement for John Doe 2 (after funding the periodic payments at a cost of $200,000) will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to set up a pooled Special Needs Trust for John Doe 2. The trust distributions will be at the discretion of Legacy Enhancement as Trustee for the sole benefit of John Doe 2 and the trust is an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C).

e.      The net settlement for John Doe 1 will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Special Needs Trust for John Doe 1. The trust distributions will be at the discretion of Legacy Enhancement as Trustee for the sole benefit of John Doe 1 and the trust is an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C)

f.      The net settlement for John Doe 3 will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Special Needs Trust for John Doe 3. The trust distributions will be at the discretion of Legacy Enhancement as Trustee for the sole benefit of John Doe 3 and the trust is an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C).

g.    The net settlement for John Doe 4 will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Special Needs Trust for John Doe 4. The trust distributions will be at the discretion of Legacy Enhancement as Trustee for the sole benefit of John Doe 4 and the trust is an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C).

h.    The School District or another entity on its behalf shall make a cash payment to Nix Patterson, LLP's IOLTA account in the amount of $550,000.00 no later than ten (10) days following the entry of judgment by the Court.

i.    Thereafter, the School District shall pay to the judgment creditor $1,500,000.00 out of its sinking fund over three years, as provided by Oklahoma law, with interest at the statutory post-judgment interest rate provided by OKLA. STAT. TIT. 12 § 727.1.

8.    The amount recovered by the minor Plaintiffs, after payment of costs, and expenses, including attorneys' fees, will be over $25,000.00. Therefore, it is necessary to deposit these amounts for the benefit of each minor pursuant to OKLA. STAT. tit. 12, § 83.

9.    The Parties have agreed to pay their own attorneys' fees and costs in this action.

10.    The Plaintiffs believe that this settlement is fair, equitable, and in the best interest of their respective minor Plaintiffs. The Parties represent to the Court that this settlement was entered into free from duress or coercion by any of the Parties, and that all of the Parties have decided to settle this case on their own volition and not upon the representations of any of the other Parties.

11.    Evidence concerning the School District's financial status, as required by OKLA. STAT. tit. 62, § 362, is attached in the form of an Affidavit from the Treasurer of the School District as **Exhibit "4"**.

5

12.    For scheduling and logistical reasons, the parties seek to avoid a "friendly suit" hearing by submitting affidavits from the Plaintiffs and parents/guardians of each minor Plaintiff indicating their approval of their Release Agreement with the School District and approval of and consent to: (a) the judgment agreement reached by their counsel and School District; (b) how proceeds from that judgment will be distributed; and (c) the payment of attorneys' fees and reimbursement of expenses to Plaintiffs' counsel.

13.    Plaintiffs have agreed and consented to the judgment agreement in all respects and have submitted affidavits attesting to the same. *See* **Exhibit "5"**. The five affidavits are from: Kamber Batchelor, mother of B.B., a minor; Shawna Benavides, mother of J.L., a minor; Jamie Ivey, mother of C.L., a minor; Chelsea Mosley, mother of D.B., a minor; and Amber Elvington, mother of S.W., a minor. With this Joint Application, Plaintiffs are contemporaneously submitting Plaintiffs' Motion For Leave to File Exhibit to Joint Application for Entry of Judgment and Approval of Settlement for the filing under seal of **Exhibit "5"**.

14.    Plaintiffs, individually and as parents and next friends of the minor Plaintiffs are aware that if this settlement is approved by the Court, it will fully compromise and conclude any and all claims that minor Plaintiffs and Plaintiffs, individually or as parents of minor Plaintiffs, any other parent or guardian of minor Plaintiffs, and/or any other person individually or on behalf of minor Plaintiffs may have against School District and/or any other person or entity as set out in **Exhibit "1"**, even if said minor's physical or mental condition changes or new injuries develop or are discovered after this settlement.

15.    Each Plaintiff, through themselves or their parent, guardian, or next friend, has entered into a contract for legal representation with Plaintiffs' counsel. Their contracts provide for attorneys' fees of 40% percent of the gross recovery and for reimbursement of litigation expenses.

Plaintiffs' counsel has submitted an affidavit attesting that the expenses in this case total $12,464.02 *See* **Exhibit "6"**.

16.    Plaintiffs' counsel and each and every Plaintiff, through themselves or their parent, guardian, or next friend, agrees that such fees and expenses are reasonable. *See* **Exhibit "5"**.

17.    Plaintiffs are aware that by settling this case they have agreed to dismiss this case with prejudice to refiling against the School District, and any other person or entity listed as a releasee in **Exhibit "1"**.

18.    Plaintiffs retained the law firms of Cameron Spradling, LP and Nix Patterson, LLP to represent them in this matter on a contingency fee basis, where Nix Patterson, LLP agreed to advance all costs of the litigation (to be recouped by Nix Patterson, LLP in the event of any recovery). Based on the gross settlement of $2,500,000.00, the distribution of the settlement payment is as follows:

| | |
|---|---|
| Gross Settlement | $2,500,000.00 |
| Less Attorneys' Fees | ($1,000,000.00) |
| Less Expenses | ($12,462.02) |
| Net Settlement | $1,487,537.98 |

Distribution to Plaintiffs (percent of Net Settlement)

| | |
|---|---|
| B.B. | $297,341.26 |
| J.L. | $297,501.32 |
| C.L. | $297,570.06 |
| D.B. | $297,559.93 |
| S.W. | $297,565.41 |

Distribution to Attorneys (percent of Net Settlement)

| | |
|---|---|
| Nix Patterson, LLP and Cameron Spradling, P.L.L.C. | $1,012,462.02 |

19.    The Parties have attached a proposed order as **Exhibit "7"** granting this motion pursuant to the Court's rules and procedures.

**WHEREFORE**, the Parties respectfully request that the Court enter an order:

(a)    Granting Judgment in the amount of $2,500,000.00 to the Plaintiffs and against the Defendants;

(b)    Awarding the Plaintiffs post-judgment interest at the statutory rate provided by OKLA. STAT. TIT. 12 § 727.1;

(c)    Approving Plaintiffs' agreement to divide the judgment proceeds;

(d)    Approving Plaintiffs' attorneys' fees and expenses; and

(e)    Authorizing Plaintiffs to assign the judgment.

**Respectfully submitted,**


/s/_Ross Leonoudakis_____
Bradley E. Beckworth, OBA No. 19982
Ross Leonoudakis, OBA No. 34570
Nathan B. Hall, OBA No. 32790
**Nix Patterson, LLP**
8701 Bee Cave Road, Bldg. 1. Suite 500
Austin, TX 78746
Phone: (512) 328-5333
Email:    bbeckworth@nixlaw.com
          rossl@nixlaw.com
          nhall@nixlaw.com

Cameron Spradling, OBA No. 8509
**CAMERON SPRADLING, PLLC**
500 N. Walker Ave. Ste. 100
Oklahoma City, OK 73102
Phone:  (405) 605-0610
Fax:  (405) 605-0615
Email: _cameron@cameronspradling.com_

*Attorneys for Plaintiffs*


/s/__Mark S. Rains_____
Mark S. Rains, OBA No. 10935
John E. Priddy, OBA No. 13604
ROSENSTEIN, FIST & RINGOLD
525 South Main, Suite 700
Tulsa, OK  74103
Phone:  (918) 585-9211
Fax:  (918) 583-5617
Email: jpriddy@rfrlaw.com
          mrains@rfrlaw.com

*Attorneys for Defendants*

9