EXHIBIT

6

tabbies

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE 1, a minor, by and through his parent and next friend, JANE DOE 1;<br><br>JOHN DOE 2, a minor, by and through his parent and next friend, JANE DOE 2;<br><br>JOHN DOE 3, a minor, by and through his parent and next friend, JANE DOE 3;<br><br>JOHN DOE 4, a minor, by and through his parent and next friend, JANE DOE 4;<br><br>JOHN DOE 5, a minor, by and through his parent and next friend, JANE DOE 5;<br><br>          Plaintiffs,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 39 of CHOCTAW COUNTY, OKLAHOMA; a/k/a HUGO PUBLIC SCHOOLS or HUGO PUBLIC SCHOOL DISTRICT; and<br><br>YOLANDA DUNBAR;<br><br>          Defendants. | Case No. CIV-25-403-JAR |

## DECLARATION OF CAMERON SPRADLING IN SUPPORT OF PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

I, Cameron Spradling, of Cameron Spradling, PLLC ("CS") declare as follows:

1.    I am an attorney at CS. I submit this declaration in support of the parties' Joint Application for Entry of Judgment and Approval of Settlement ("Approval Motion"), which is filed contemporaneously herewith. Unless otherwise stated herein, the statements made herein are based upon my personal knowledge and information available to me to the best of my

1

recollection, and while I do not believe there are any errors, omissions, incomplete or incorrect statements, to the extent any occur, they are wholly accidental and unintentional.

2.    I, and my law firm CS, along with co-counsel Nix Patterson, LLP ("NP") have litigated complex civil matters in the United States District Courts for the Eastern, Western, and Northern Districts of Oklahoma, the state courts of Oklahoma, and numerous other state and federal courts around the country.

3.    CS and NP are Plaintiffs' Counsel. I personally rendered legal services and had co-responsibility for coordinating and leading the activity carried out by Plaintiffs' Counsel. I was intimately involved in all aspects of the Litigation.

4.    The information in this declaration regarding Plaintiffs' Counsels' fees and expenses is based upon records maintained by Plaintiffs' Counsel in the ordinary course of business. I am one of the attorneys who oversaw and/or conducted the day-to-day activities in the Litigation. This declaration was prepared with the assistance of other lawyers and staff at NP with knowledge of the matters reflected herein.

5.    This case was filed in November of 2025. Because I only have one associate and one legal assistant, and NP is a relatively small firm, prosecution of this litigation required the devotion of substantial time and resources from Plaintiffs' Counsel.

6.    Plaintiffs' Counsel agreed to take this case on a contingent basis and to advance all costs of litigation. Plaintiffs' Counsel' entered into contracts with each Plaintiff and the parent(s)/guardian(s) of each Plaintiff, if they were a minor, under which each client agreed to pay attorneys' fees in the amount of 40% of any recovery. Plaintiffs individually, or through their parent(s)/guardian(s) if they were a minor, also agreed to reimburse Plaintiffs' Counsel for any litigation expenses, but (again) only in the event of a recovery on behalf of Plaintiffs. In

other words, Plaintiffs' Counsel agreed to take this case at the risk that, if unsuccessful, Counsel would receive no compensation and no reimbursement for expenses.

7.     This contingent-fee arrangement was likely the only way this case could have been undertaken, as no Plaintiff (or their family) could have paid Counsel on an hourly basis to the extent necessary to litigate this case properly and achieve a recovery comparable to the outstanding result Plaintiffs' Counsel obtained here.

8.     In Plaintiffs' Counsel's experience—including litigating dozens of abuse cases like this one—a 40% contingent fee is usual, customary, and reasonable for cases like this. *See also* 5 Okla. Stat. § 7 (authorizing contingent fees up to 50% of the net recovery).

9.     In Plaintiffs' Counsel's experience, a 40% contingent fee is usual, customary, and reasonable for counsel of the experience, reputation, and ability of Plaintiffs' Counsel—attorneys who are responsible for some of the largest recoveries in the state for cases like this. *See, e.g.,* Consent Judgment, [Doc. No. 374], *Mecklenburg v. Kingfisher Independent School District No. 7*, Case No. 5:22-cv-00089-G (W.D. Okla., November 30, 2023); Judgment, [Doc. No. 59], *M.G., a minor, et al. v. Independent School District No. 1 of Noble County, Oklahoma, a/k/a Perry School District*, Case No. 5:17-cv-01371-SLP (W.D. Okla., May 14, 2019); Judgment [Doc. No. 184], *John Doe 1, et al. v. Independent School District No. 2 of Seminole County, a/k/a Wewoka Public Schools*, Case No. 22-cv-343-JAR (E.D. Okla. Apr. 25, 2024) and Judgment [Doc. No. 78], *Shyann Ingle, et al., v. Independent School District No. 16 of Mayes County, Oklahoma, a/k/a Salina Public Schools*, Case No. 4:21-cv-213-CVE (N.D.Okla. May 7, 2024).

10. In Plaintiffs' Counsel's experience, the amount of time expended and the services performed by Plaintiffs' Counsel were reasonable and expended for the benefit and in the best interests of all Plaintiffs.

11. In Plaintiffs' Counsel's experience, the result obtained here—a seven-figure recovery from a small, rural, public school district—was outstanding.

12. In Plaintiffs' Counsel's experience, the attorney-fee arrangement with Plaintiffs is fair, reasonable, and in their best interests.

13. As set forth in the chart below, Plaintiffs' Counsel has incurred a total of $12,462.02 in unreimbursed expenses in connection with this Litigation as of the date of this Declaration.

## SUMMARY OF EXPENSES

|  | TOTAL EXPENSES |
|---|---|
|  |  |
| Cameron Spradling | $9,261.08 |
| Nix Patterson, LLP | $3,200.94 |
| **TOTAL ACTUAL EXPENSES FOR REIMBURSEMENT** | $12,462.02 |

## DETAILED EXPENSE REPORT

|  | Total Category Expense |
|---|---|
| **Administrative Expenses** |  |
| Data Storage / Process Servers/ Postage / Filing | $405.00 |
| **Litigation Support** |  |
| Court Reporting/Video/Transcripts | $3,535.65 |
| **Expert/Consulting Expenses** |  |
| Mediation | $3,384.54 |
| **Research & Investigation** |  |
| Lexis & Westlaw Research | $130.00 |
| **Travel Expenses** |  |
| Lodging, Meals and Transportation | $5,006.83 |
| **TOTAL SUBMITTED EXPENSES** | **$12,462.02** |

14.    These expenses are reflected on the books and records of CS and NP. It is Plaintiffs' Counsel's policy and practice to prepare such records from expense vouchers, check records, credit card records, and other source materials. Based on my oversight of Plaintiffs' Counsel's work in connection with this Litigation and my review of these records, I believe them to constitute an accurate record of the expenses actually incurred by Plaintiffs' Counsel in connection with this Litigation.

15.    In Plaintiffs' Counsel's judgment, these expenses were reasonable, necessary, critical to the prosecution of this Litigation, and made in the best interests of the Plaintiffs.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED: June 8, 2026.

Cameron Spradling
Cameron Spradling, PLLC

5

STATE OF OKLAHOMA     )
                               ) ss:
COUNTY OF OKLAHOMA     )

I, Cameron Spradling, of lawful age, being first duly cautioned and sworn, state that I have read the foregoing Declaration and the statements made herein are based upon my personal knowledge and information available to me

_____
Cameron Spradling

SUBSCRIBED AND SWORN TO before me this 8th day of June, 2026.

KELLIE MAPLES
Notary Public - State of Oklahoma
Commission Number 07010467
My Commission Expires Oct 29, 2027

_____
Notary Public

6