

EXHIBIT

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN DOE 1, a minor, by and through his parent and next friend, JANE DOE 1; )
)
)

JOHN DOE 2, a minor, by and through his parent and next friend, JANE DOE 2; )
)
)

JOHN DOE 3, a minor, by and through his parent and next friend, JANE DOE 3; )
)
)

JOHN DOE 4, a minor, by and through his parent and next friend, JANE DOE 4; )
)
)

JOHN DOE 5, a minor, by and through his parent and next friend, JANE DOE 5; )
)
)

          Plaintiffs, )
)

vs. )
)

INDEPENDENT SCHOOL DISTRICT NO. 39 of CHOCTAW COUNTY, OKLAHOMA; a/k/a HUGO PUBLIC SCHOOLS or HUGO PUBLIC SCHOOL DISTRICT; and )
)
)
)
)

YOLANDA DUNBAR; )
)

          Defendants. )
)

Case No. CIV-25-403- JAR

### ORDER APPROVING SETTLEMENT AGREEMENT WITH MINORS

This matter comes before the Court on the Joint Application to Settle Claims of Minors and Approve Settlement, including Entry of Judgment [Dkt. 14] (the "Joint Application"). The payment of a prior fiscal year's obligations by a school district from current fiscal year funds is prohibited by Oklahoma law. School districts operate on a fiscal year that runs from July 1 to June 30. The Oklahoma Constitution requires school districts to operate on a "pay as you go" basis, and it expressly prohibits school districts from using funds from one fiscal year to pay obligations

incurred in a different fiscal year. *See* OKLA. STAT. tit. 62, §§ 361 *et seq.*; OKLA. CONST. Art. 10, § 26; *see also Southern Corrections Sys., Inc. v. Union City Pub. Schs.,* 64 P.3d 1083, 1090-91 (Okla. 2002) (recognizing that Article 10, § 26 of the Oklahoma Constitution "forces school districts to operate on a cash basis, and it prevents indebtedness payable out of tax revenues from extending beyond one year."); 2000 OK AG 60.

Therefore, having been provided evidence concerning the Defendant School District's financial status in the form of an affidavit from the Defendant School District's Treasurer as required by OKLA. STAT. tit. 62, § 362 attached as **Exhibit "4"** to the Joint Application, and for good cause shown, it is hereby **ORDERED, ADJUDGED and DECREED** that:

1.  The Plaintiff is **GRANTED** judgment against Defendant Independent School District No. 39 of Choctaw County, Oklahoma, in the amount of TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00). Such sum shall be paid as follows:

2.  The School District, or another entity on its behalf, shall make a cash payment to the Plaintiffs, via their attorneys, Nix Patterson, LLP, in the amount of $550,000.00 by no later than _____, 2026.

3.  The School District or another entity on its behalf shall make a cash payment to "Athene Qualified Assignment Corporation" in the amount of $250,000.00 to fund future periodic payments on behalf of John Doe 5, to be deposited with Athene Qualified Assignment Corporation, 7700 Mills Civic Pkwy, West Des Moines, IA, 50266, TAX ID 39-2408936 , and funded by an annuity contract issued by Athene Annuity and Life Company,  pursuant to the Qualified Assignment and Release

2

Agreement attached as **Exhibit 2** to the Joint Application to Settle Claims of Minors and Approve Settlement, to be paid out as follows:

Periodic payments made to Payee John Doe 5 according to the Schedule of Payments (the "Periodic Payments"):

(a) $1,500.00 payable monthly, guaranteed for 4 year(s) (48 payments) beginning on 07/01/2029, with the last guaranteed payment on 06/01/2033;

(b) $25,000.00 guaranteed lump sum paid on 10/17/2028;

(c) $25,000.00 guaranteed lump sum paid on 10/17/2031;

(d) $30,000.00 guaranteed lump sum paid on 10/17/2033; and

(e) $204,107.23 guaranteed lump sum paid on 10/17/2035.

4. The balance of the net settlement for John Doe 5 (after funding the periodic payments at a cost of $250,000) will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement for John Doe 5. The trust distributions will be at the discretion of Legacy Enhancement as Trustee for the sole benefit of John Doe 5 and until John Doe 5 reaches the age of twenty-five.

5. The School District or another entity on its behalf shall make a cash payments to "Athene Qualified Assignment Corporation" in the amounts of $200,000.00 to fund future periodic payments on behalf of John Doe 2, to be deposited with Athene Qualified Assignment Corporation, 7700 Mills Civic Pkwy, West Des Moines, IA, 50266, TAX ID 39-2408936 , and funded by an annuity contract issued by Athene Annuity and Life Company,  pursuant to the Qualified Assignment and Release

3

Agreement attached as **Exhibit 3** to the Joint Application to Settle Claims of Minors and Approve Settlement, to be paid out as follows: Payments to Payee, Legacy Enhancement Master Pooled Trust FBO John Doe 2 PSNT, of $2,228.69 payable monthly, guaranteed for 9 year(s) which is 108 payments, beginning on 08/01/2026, with the last guaranteed payment on 07/01/2035. Any periodic payments to be made after the death of John Doe 2 shall be made to Legacy Enhancement Master Pooled Trust FBO John Doe 2 PSNT.

6.     The balance of the net settlement for John Doe 2 (after funding the periodic payments at a cost of $200,000) will be distributed to Legacy Enhancement, a Texas Non-Profit Corporation, to set up a pooled Special Needs Trust for John Doe 2 with trust distributions at the discretion of Legacy Enhancement as Trustee, for the sole benefit of John Doe 2 and the trust is an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C).

7.     The net settlement for John Doe 1 of $297,501.32 shall be deposited with Legacy Enhancement, a Texas Non-Profit Corporation, to set up a pooled Special Needs Trust, an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C) with trust distributions at the discretion of Legacy Enhancement as Trustee, for the sole benefit of John Doe 1.

8.     The net settlement for John Doe 3 of $297,559.93 shall be deposited with Legacy Enhancement, a Texas Non-Profit Corporation, to set up a pooled Special Needs Trust, an irrevocable trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C) for John Doe 3 with trust distributions at the discretion of Legacy Enhancement as Trustee, for the sole benefit of John Doe 3.

4

9. The net settlement for John Doe 4 of $297,570.06 shall be deposited with Legacy Enhancement, a Texas Non-Profit Corporation, to set up a pooled Special Needs Trust, an irrevocable  trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C) for John Doe 4 with trust distributions at the discretion of Legacy Enhancement as Trustee, for the sole benefit of John Doe 4.

10. The School District shall pay to the judgment creditor $1,500,000.00 out of its sinking fund over 3 years, as provided by Oklahoma law, with interest at the statutory rate provided by Okla. Stat. tit. 12 § 727.1.1. This portion of the judgment may be assigned by Plaintiffs.

11. Each party will bear its own respective attorney's fees and costs.

12. This judgment shall bear post-judgment statutory interest as allowed by law at the post-judgment interest rate provided by Okla. STAT. TIT. 12 § 727.1.1.


Dated this _____ day of _____, 2026.



_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**

**Approved as to Form and Content:**

/s/ _Ross Leonoudakis_
Bradley E. Beckworth, OBA No. 19982
Ross Leonoudakis, OBA No. 34570
Nathan B. Hall, OBA No. 32790
**Nix Patterson, LLP**
8701 Bee Cave Road, Bldg. 1. Suite 500
Austin, TX 78746
Phone: (512) 328-5333
Email: bbeckworth@nixlaw.com
　　　　rossl@nixlaw.com
　　　　nhall@nixlaw.com

Cameron Spradling, OBA No. 8509
**Cameron Spradling, PLLC**
500 N. Walker Ave. Ste. 100
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Email: cameron@cameronspradling.com

*Attorneys for Plaintiffs*

/s/ _Mark S. Rains_
Mark S. Rains, OBA No. 10935
John E. Priddy, OBA No. 13604
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK 74103
Phone: (918) 585-9211
Fax: (918) 583-5617
Email: jpriddy@rfrlaw.com
　　　　mrains@rfrlaw.com

*Attorneys for Defendants*

6