**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

JOHN DOE 1, a minor, by and through his )
parent and next friend, JANE DOE 1; )
)
JOHN DOE 2, a minor, by and through his )
parent and next friend, JANE DOE 2; )
)
JOHN DOE 3, a minor, by and through his )    Case No. CIV-25-403- JAR
parent and next friend, JANE DOE 3; )
)
JOHN DOE 4, a minor, by and through his )
parent and next friend, JANE DOE 4; )
)
JOHN DOE 5, a minor, by and through his )
parent and next friend, JANE DOE 5; )
)
                     Plaintiffs, )
)
vs. )
)
INDEPENDENT SCHOOL DISTRICT NO. 39 )
of CHOCTAW COUNTY, OKLAHOMA; a/k/a )
HUGO PUBLIC SCHOOLS or HUGO )
PUBLIC SCHOOL DISTRICT; and )
)
YOLANDA DUNBAR; )
)
                     Defendants. )
)

**SUPPLEMENTAL ORDER**

The sum of ONE MILLION FOUR HUNDRED EIGHTY SEVEN THOUSAND FIVE HUNDRED

THIRTY SEVEN DOLLARS AND NINETY EIGHT CENTS ($1,487,537.98) having been recovered by

Minor Plaintiffs B.B., J.L., C.L., D.B., and S.W. by and through their parents and next friends

("Plaintiffs"), after deducting sums sufficient to pay costs and expenses, including attorneys' fees,

the Court orders, in accordance with OKLA. STAT. tit. 12, § 83 and pursuant to the Qualified Assignment and Release Agreements attached as Exhibits "1" and "2" and incorporated herein as if set out in full, that the following amounts be deposited with each institution as listed.

Plaintiff B.B.: the sum of **$200,000.00** be deposited with Athene Qualified Assignment Corporation and the sum of $97,341.26 be deposited with Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement

Plaintiff J.L.: the sum of **$297,501.32** be deposited into Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement

Plaintiff C.L.: the sum of **$297,570.06** be deposited into Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement

Plaintiff D.B.: the sum of **$297,559.93** be deposited into Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement

Plaintiff S.W.: the sum of **$250,000.00** be deposited with Athene Qualified Assignment Corporation and the sum of $47,565.41 be deposited with Legacy Enhancement, a Texas Non-Profit Corporation, to a pooled Minor's Irrevocable Trust Agreement

All funds are to be received by each institution for the benefit of the respective minor and to be paid as provided in the Joint Application to Settle Claims of Minors and Approve Settlement [Dkt. 13] and the related Order Approving Settlement [Dkt. 19]. Any modification from this payment plan shall only occur through the express order of this Court executed and issued only by a Judge of this Court. Any withdrawal of funds from Legacy Enhancement will be authorized by the presentation of a certified copy of such order which expressly directs the appropriate disposition of the funds, including the amount to be withdrawn and to whom it shall be paid. Such

2

account shall be styled and administered in accordance with the rules of the depository bank or savings and loan institution.

The Court further orders that said monies held for the benefit of the minor Plaintiffs, and hereby ordered deposits shall remain in said trust account until each minor Plaintiff reaches the age of eighteen (18), respectively, unless an order allowing the withdrawal of an amount is entered by a Judge of this Court.

It is further ordered that Legacy Enhancement is hereby appointed Trustee of each account to be established on behalf of the respective minor children, B.B., J.L., C.L., D.B. and S.W.

**IT IS SO ORDERED** this 16th day of July, 2026.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**

**Approved as to Form and Content:**

/s/ Cameron Spradling
Bradley E. Beckworth, OBA No. 19982
Ross Leonoudakis, OBA No. 34570
Nathan B. Hall, OBA No. 32790
**Nix Patterson, LLP**
8701 Bee Cave Road, Bldg. 1. Suite 500
Austin, TX 78746
Phone:  (512) 328-5333
Email:   bbeckworth@nixlaw.com
             rossl@nixlaw.com
             nhall@nixlaw.com

Cameron Spradling, OBA No. 8509
**Cameron Spradling, PLLC**
500 N. Walker Ave. Ste. 100
Oklahoma City, OK 73102
Phone:  (405) 605-0610
Fax:  (405) 605-0615
Email:  cameron@cameronspradling.com

*Attorneys for Plaintiffs*

/s/Mark S. Rains
Mark S. Rains, OBA No. 10935
John E. Priddy, OBA No. 13604
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK  74103
Phone:  (918) 585-9211
Fax:  (918) 583-5617
Email:  jpriddy@rfrlaw.com
             mrains@rfrlaw.com

*Attorneys for Hugo Public Schools*

EXHIBIT
tabbies
1

**Qualified Assignment and Release Agreement**

Claimant: S███ ██W████ _____

Assignor: Oklahoma Schools Insurance Group_____

Assignee:  Athene  Qualified  Assignment  Corporation

Annuity Issuer: Athene Annuity and Life Company _____

Effective Date:

This Qualified Assignment and Release Agreement (this "Agreement") is made and entered into by and among the undersigned parties as of the Effective Date with reference to the following facts:

A.  Claimant and Assignor are parties to a settlement agreement or similar agreement dated June 29, 2026 (the "Settlement Agreement"), pursuant to which Assignor is obligated to make certain periodic payments to or for the benefit of Claimant, as described in paragraph 13 (the "Periodic Payments").

B.  Assignor and Assignee desire to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the parties hereto agree as follows:

1.     Assignment and Assumption; Release of Assignor. Subject to qualification under Section 130(c) of the Code, Assignor hereby assigns to Assignee, and Assignee hereby accepts and assumes from Assignor, all of Assignor's liability to make the Periodic Payments. Assignee assumes no liability to make any other payment. Each Claimant hereby accepts and consents to the assignment by Assignor and the assumption by Assignee of the liability to make the Periodic Payments. Upon the Court's entering of its Order Approving Settlement Agreement with Minors filed in John Does 1-5, et al., v. Independent School District No. 39 of Choctaw County, Oklahoma a/k/a Hugo Public Schools, et al., Case No. CIV-25-403-JAR (E.D. Okla.), the Claimant releases and discharges Assignor from all liability to make the Periodic Payments.

2.     Nature of Periodic Payments. The Periodic Payments constitute (i) damages (other than punitive damages) or (ii) compensation under a workers' compensation act, in either case, on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Section 130(c) of the Code and Section 104(a) of the Code.

3.     Extent of Assignee's Liability. Assignee's liability to make the Periodic Payments shall be no greater than that of Assignor of TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($250,000.00) as defined in the Order Approving Settlement Agreement with Minors filed in John Does 1-5, et al., v. Independent School District No. 39 of Choctaw County, Oklahoma a/k/a Hugo Public Schools, et al., Case No. CIV-25-403-JAR (E.D. Okla.). Assignee assumes no liability other than the liability to make the Periodic Payments. Assignee's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

4.     Qualified Funding Asset. Assignee will fund the Periodic Payments by purchasing from Annuity Issuer a "qualified funding asset," as defined in Section 130(d) of the Code, in the form of an annuity contract (the "Annuity") issued by Annuity Issuer and providing for payments corresponding to the Periodic Payments. Assignee shall be designated as the owner of the Annuity. All rights of legal ownership and

1

control of the Annuity shall (subject to paragraph 10 of this Agreement) be and remain vested exclusively in Assignee; provided, however, that the Annuity shall be used by Assignee to fund the Periodic Payments and shall at all times be designated by Assignee on its records as being taken into account, under Section 130 of the Code, with respect to this Agreement. Notwithstanding anything to the contrary contained in this Agreement, no Claimant nor any Successor Payee (as defined in paragraph 5) shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent this Agreement from satisfying all of the conditions for a "qualified assignment" within the meaning of Section 130(c) of the Code.

5.  Delivery of Payments. Assignee may have Annuity Issuer send payments under the Annuity directly to a Claimant or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford a Claimant or any Successor Payee any rights of ownership or control of the Annuity or against Annuity Issuer.

Each Claimant and any Successor Payee shall at all times keep Annuity Issuer apprised of such Claimant's or Successor Payee's current mailing address and telephone number and, if such Claimant or Successor Payee receives payments by electronic funds transfer (EFT), the name, address, ABA routing number, and telephone number of the applicable U.S. financial institution and the account name and account number to which the payments are to be credited. Notice of such information shall be in a form provided by the Annuity Issuer and must be received within thirty (30) days prior to the date payment is due.

As used in this agreement the term "Successor Payee" refers to the beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant or of another Successor Payee.

6.  Discharge of Liability. The liability assumed by Assignee to make each Periodic Payment to a Claimant or Successor Payee shall be fully discharged upon the mailing of a valid check or electronic funds transfer or wire transfer of funds by Annuity Issuer on or before the due date for such Periodic Payment to the address or account of record specified by such Claimant or Successor Payee.

If a Claimant or Successor Payee does not receive a scheduled payment, such Claimant or Successor Payee shall notify Assignee.

7.  Governing Law. This Agreement shall be governed by and interpreted in accordance with the laws of Delaware (without giving effect to the choice-of-law rules thereof).

8.  Acceleration, Transfer of Payment Rights. None of the Periodic Payments and no rights to or interest in any of the Periodic Payments ("Payment Rights") can be:

(i) Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

(ii) Sold, assigned, pledged hypothecated or otherwise transferred or encumbered, either directly or indirectly ("Transfer"), unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code and otherwise complied with applicable state law.

No Claimant or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

2

9.  Beneficiary Designation. Any Periodic Payments to be made after the death of a Claimant or Successor Payee shall be made to such person or entity as has been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the person or entity designated in writing, in conformity with this paragraph 9. If no person or entity is so designated, or if the person or entity specified or designated is not living or existing at the time of such Claimant's or Successor Payee's death, such payments shall be made to the estate of such Claimant or Successor Payee.

Except as otherwise provided in the Settlement Agreement, no designation under this paragraph 9, or any revocation thereof, shall be effective unless such change (i) is requested and delivered to Assignee (or its authorized agent) in accordance with Assignee's customary procedures for processing such requests; and (ii) is confirmed by Assignee (or its authorized agent). Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a beneficiary shall be deemed to be revocable, and no person or entity designated as a beneficiary (other than a party irrevocably designated as a beneficiary in the Settlement Agreement) shall, solely by virtue of designation as a beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

10.  Failure to Satisfy Section 130(c). In the event that the Settlement Agreement is declared terminated in a final, non-appealable order by a court of competent jurisdiction, or if it is determined in any such final, non-appealable order that the requirements of Section 130(c) of the Code have not been satisfied: (i) Assignor's assignment to Assignee of the liability to make the Periodic Payments and Assignee's acceptance and assumption of such assignment, and the release by Claimant(s) of Assignor's liability, shall be of no force and effect, (ii) Assignee shall be conclusively deemed to be acting as the agent of Assignor, (iii) the Annuity shall be owned by the Claimant, (iv) Assignor and Assignee shall have no liability to make any Periodic Payments, and (v) the parties hereto agree to cooperate in taking such actions as are reasonably necessary or appropriate to achieve the foregoing. The Claimant acknowledges and understands that, in this scenario, any payments made directly to the Claimant under the Annuity may result in adverse tax consequences, and the Claimant should consult with its personal tax advisor.

11.  Binding Effect. This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

12.  Advice, Comprehension of Agreement. In entering into this Agreement, each Claimant represents and warrants that (i) he or she has relied on the advice of his or her attorneys and other advisors, who are the attorneys and advisors of his or her choice, concerning the legal and income tax consequences of this Agreement; (ii) the terms of this Agreement have been completely read by and explained to him or her; and (iii) that the terms of this Agreement are fully understood and voluntarily accepted by him or her.

13.  Description of the Periodic Payments. The Periodic Payments are as follows:

**Payee: S███ █ W██████**

$1,500.00 payable monthly, guaranteed for 4 year(s) which is 48 payments, beginning on 07/01/2029, with the last guaranteed payment on 06/01/2033.
$25,000.00 guaranteed lump sum paid on 10/17/2028.
$25,000.00 guaranteed lump sum paid on 10/17/2031.
$30,000.00 guaranteed lump sum paid on 10/17/2033.
$204,107.23 guaranteed lump sum paid on 10/17/2035.

**In the event of any conflict between this Agreement and the Settlement Agreement with respect to the Periodic Payments or the assignment made herein, the terms and conditions of this Agreement shall prevail.**

3

This Qualified Assignment and Release Agreement has been executed in one or more counterparts as of the Effective Date by the following:

**Assignor: OKLAHOMA SCHOOLS INSURANCE GROUP**

**Assignee: ATHENE QUALIFIED ASSIGNMENT CORPORATION**

By:_____
    Name:
    Title:

By:_____
    Name:
    Title:

**Claimant: S██████ W████**

**Approved as to Form and Content by Attorney for Claimant:**

By:_____
    Name: Amber Elvington, as natural parent
    of S██████ W████ a minor

By:_____
    Name:

[Signature Page]

**EXHIBIT**

tabbies'

**2**

**Qualified Assignment and Release Agreement**

Claimant: B█████ B█████ _____

Assignor: Oklahoma Schools Insurance Group_____

Assignee: Athene Qualified Assignment Corporation

Annuity Issuer: Athene Annuity and Life Company _____

Effective Date:


This Qualified Assignment and Release Agreement (this "Agreement") is made and entered into by and among the undersigned parties as of the Effective Date with reference to the following facts:

A. Claimant and Assignor are parties to a settlement agreement or similar agreement dated June 29, 2026 (the "Settlement Agreement"), pursuant to which Assignor is obligated to make certain periodic payments to or for the benefit of Claimant, as described in paragraph 13 (the "Periodic Payments").

B. Assignor and Assignee desire to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").


NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the parties hereto agree as follows:

1.  Assignment and Assumption; Release of Assignor. Subject to qualification under Section 130(c) of the Code, Assignor hereby assigns to Assignee, and Assignee hereby accepts and assumes from Assignor, all of Assignor's liability to make the Periodic Payments. Assignee assumes no liability to make any other payment. Each Claimant hereby accepts and consents to the assignment by Assignor and the assumption by Assignee of the liability to make the Periodic Payments. Upon the Court's entering of its Order Approving Settlement Agreement with Minors filed in John Does 1-5, et al., v. Independent School District No. 39 of Choctaw County, Oklahoma a/k/a Hugo Public Schools, et al., Case No. CIV-25-403-JAR (E.D. Okla.), the Claimant releases and discharges Assignor from all liability to make the Periodic Payments.

2.  Nature of Periodic Payments. The Periodic Payments constitute (i) damages (other than punitive damages) or (ii) compensation under a workers' compensation act, in either case, on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Section 130(c) of the Code and Section 104(a) of the Code.

3.  Extent of Assignee's Liability. Assignee's liability to make the Periodic Payments shall be no greater than that of Assignor of TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($250,000.00) as defined in the Order Approving Settlement Agreement with Minors filed in John Does 1-5, et al., v. Independent School District No. 39 of Choctaw County, Oklahoma a/k/a Hugo Public Schools, et al., Case No. CIV-25-403-JAR (E.D. Okla.). Assignee assumes no liability other than the liability to make the Periodic Payments. Assignee's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

4.  Qualified Funding Asset. Assignee will fund the Periodic Payments by purchasing from Annuity Issuer a "qualified funding asset," as defined in Section 130(d) of the Code, in the form of an annuity contract (the "Annuity") issued by Annuity Issuer and providing for payments corresponding to the Periodic Payments. Assignee shall be designated as the owner of the Annuity. All rights of legal ownership and

1

control of the Annuity shall (subject to paragraph 10 of this Agreement) be and remain vested exclusively in Assignee; provided, however, that the Annuity shall be used by Assignee to fund the Periodic Payments and shall at all times be designated by Assignee on its records as being taken into account, under Section 130 of the Code, with respect to this Agreement. Notwithstanding anything to the contrary contained in this Agreement, no Claimant nor any Successor Payee (as defined in paragraph 5) shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent this Agreement from satisfying all of the conditions for a "qualified assignment" within the meaning of Section 130(c) of the Code.

5.  <u>Delivery of Payments</u>. Assignee may have Annuity Issuer send payments under the Annuity directly to a Claimant or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford a Claimant or any Successor Payee any rights of ownership or control of the Annuity or against Annuity Issuer.

    Each Claimant and any Successor Payee shall at all times keep Annuity Issuer apprised of such Claimant's or Successor Payee's current mailing address and telephone number and, if such Claimant or Successor Payee receives payments by electronic funds transfer (EFT), the name, address, ABA routing number, and telephone number of the applicable U.S. financial institution and the account name and account number to which the payments are to be credited. Notice of such information shall be in a form provided by the Annuity Issuer and must be received within thirty (30) days prior to the date payment is due.

    As used in this agreement the term "<u>Successor Payee</u>" refers to the beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant or of another Successor Payee.

6.  <u>Discharge of Liability</u>. The liability assumed by Assignee to make each Periodic Payment to a Claimant or Successor Payee shall be fully discharged upon the mailing of a valid check or electronic funds transfer or wire transfer of funds by Annuity Issuer on or before the due date for such Periodic Payment to the address or account of record specified by such Claimant or Successor Payee.

    If a Claimant or Successor Payee does not receive a scheduled payment, such Claimant or Successor Payee shall notify Assignee.

7.  <u>Governing Law</u>. This Agreement shall be governed by and interpreted in accordance with the laws of Delaware (without giving effect to the choice-of-law rules thereof).

8.  Acceleration, Transfer of Payment Rights. None of the Periodic Payments and no rights to or interest in any of the Periodic Payments ("Payment Rights") can be:

    (i) Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

    (ii) Sold, assigned, pledged hypothecated or otherwise transferred or encumbered, either directly or indirectly ("Transfer"), unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code and otherwise complied with applicable state law.

    No Claimant or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

2

9. <u>Beneficiary Designation</u>. Any Periodic Payments to be made after the death of a Claimant or Successor Payee shall be made to such person or entity as has been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the person or entity designated in writing, in conformity with this paragraph 9. If no person or entity is so designated, or if the person or entity specified or designated is not living or existing at the time of such Claimant's or Successor Payee's death, such payments shall be made to the estate of such Claimant or Successor Payee.

Except as otherwise provided in the Settlement Agreement, no designation under this paragraph 9, or any revocation thereof, shall be effective unless such change (i) is requested and delivered to Assignee (or its authorized agent) in accordance with Assignee's customary procedures for processing such requests; and (ii) is confirmed by Assignee (or its authorized agent). Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a beneficiary shall be deemed to be revocable, and no person or entity designated as a beneficiary (other than a party irrevocably designated as a beneficiary in the Settlement Agreement) shall, solely by virtue of designation as a beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

10. <u>Failure to Satisfy Section 130(c)</u>. In the event that the Settlement Agreement is declared terminated in a final, non-appealable order by a court of competent jurisdiction, or if it is determined in any such final, non-appealable order that the requirements of Section 130(c) of the Code have not been satisfied: (i) Assignor's assignment to Assignee of the liability to make the Periodic Payments and Assignee's acceptance and assumption of such assignment, and the release by Claimant(s) of Assignor's liability, shall be of no force and effect, (ii) Assignee shall be conclusively deemed to be acting as the agent of Assignor, (iii) the Annuity shall be owned by the Claimant, (iv) Assignor and Assignee shall have no liability to make any Periodic Payments, and (v) the parties hereto agree to cooperate in taking such actions as are reasonably necessary or appropriate to achieve the foregoing. The Claimant acknowledges and understands that, in this scenario, any payments made directly to the Claimant under the Annuity may result in adverse tax consequences, and the Claimant should consult with its personal tax advisor.

11. <u>Binding Effect</u>. This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

12. <u>Advice, Comprehension of Agreement</u>. In entering into this Agreement, each Claimant represents and warrants that (i) he or she has relied on the advice of his or her attorneys and other advisors, who are the attorneys and advisors of his or her choice, concerning the legal and income tax consequences of this Agreement; (ii) the terms of this Agreement have been completely read by and explained to him or her; and (iii) that the terms of this Agreement are fully understood and voluntarily accepted by him or her.

13. <u>Description of the Periodic Payments</u>. The Periodic Payments are as follows: **Payee:**

**Legacy Enhancement Master Pooled Trust FBO B███ B███ PSNT**

$2,228.69 payable monthly, guaranteed for 9 year(s) which is 108 payments, beginning on 08/01/2026, with the last guaranteed payment on 07/01/2035.

Upon the death of the annuitant, the beneficiary will receive 100% of the remaining guaranteed periodic payments in a Lump Sum.

The Commuted Value is calculated by multiplying a Commutation Discount Factor of [95]% by the present value of unpaid guaranteed payments based on the discount rate curve. The discount rate curve is defined as a) or, in the case that a) is unavailable, b), where:

3

- a) is the discount rate curve used to price similar structured settlement contracts at the time of the Calculation Date; and
- b) is 2.00% plus the 10 Year US Treasury Bond Rate published on Bloomberg, or its successor thereto, as of 16:00 Eastern Standard Time on the Calculation Date. If unavailable on that day, the next day such rate is available will apply.

Any payments paid before the Calculation Date will not be included in the Commuted Value. A payment is considered paid if the check for the payment has been cashed or the payment has been deposited by electronic funds transfer into the relevant bank account, if applicable. Athene Qualified Assignment Corporation and Athene Annuity and Life Company take no responsibility for returning any payments paid after the Annuitant's death but before the Calculation Date. The Calculation Date will be on or before the 20th calendar day after receipt of due proof of death. This endorsement and all provisions of the contract related to the Commuted Benefit Percentage of guaranteed payments will expire effective as of the payment of the Annuitant Death Commutation lump sum described herein. For the avoidance of doubt, any provisions of the contract related to non-commuted payments will continue to be in effect.

**In the event of any conflict between this Agreement and the Settlement Agreement with respect to the Periodic Payments or the assignment made herein, the terms and conditions of this Agreement shall prevail.**

[signature page follows]

4

This Qualified Assignment and Release Agreement has been executed in one or more counterparts as of the Effective Date by the following:

**Assignor: OKLAHOMA SCHOOLS INSURANCE GROUP**

By:_____
    Name:
    Title:

**Assignee: ATHENE QUALIFIED ASSIGNMENT CORPORATION**

By: _____
    Name:
    Title:

**Claimant: B██████ B██████**

**Approved as to Form and Content by Attorney for Claimant:**

By:_____
    Name: Kamber Batchelor, as natural parent
    of B██████ B██████, a minor

By: _____
    Name:

[Signature Page]